UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **DESIREE HALL, for GEORGE HALL**<br><br>    **Plaintiff,**<br><br>**V.**<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br><br>    **Defendant.** | **CIVIL ACTION NO. 7:14-CV-72-KKC**<br><br><u>**OPINION AND ORDER**</u> |

    The plaintiff Desiree Hall brings this action on behalf of George Hall pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying George Hall's claim for Disability Insurance Benefits. George Hall committed suicide sometime after the ALJ issued his decision. The Court, having reviewed the record, will affirm the ALJ's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

    This Court's review of the Commissioner's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

    In denying Mr. Hall's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

    At step one, the ALJ determined that Mr. Hall had not engaged in substantial gainful activity since January 15, 2010. (AR at 11.)

    At step two, the ALJ determined that Mr. Hall suffered from the following severe impairments: chronic obstructive pulmonary disorder, degenerative disc disease of the cervical and lumbar spine, depression and anxiety. (AR at 11.)

At step three, the ALJ found Mr. Hall did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 12.)

The ALJ determined that Mr. Hall had the residual functional capacity (RFC) to perform "medium" work and that he could lift and carry 20 pounds frequently and 50 pounds occasionally. The ALJ also determined:

> The claimant can stand and walk continuously more than five hours or more than a total of seven hours in an eight-hour day. He can sit more than four hours continuously or more than five hours in an eight-hour day. The claimant can frequently do overhead work. The claimant must avoid hazards such as heights and dangerous machinery. The claimant must avoid exposure to poor ventilation or extremes of dust, humidity or temperatures. The claimant can understand, remember, and carry out simple instructions. The claimant can only work in a low stress job with occasional decision making required and only occasional changes in the work setting. He can have occasional interaction with the public.

(AR at 15.)

At step four, the ALJ found that Mr. Hall was unable to perform any of his past relevant. (AR at 22.)

At step five, the ALJ determined that, given the described RFC, Mr. Hall could perform jobs other than his past relevant work that exist in significant numbers in the national economy and, thus, he was not disabled. (AR at 22.)

## ANALYSIS

Ms. Hall first argues that the ALJ erred by failing to consider or discuss Mr. Hall's thoughts of suicide. She argues that Mr. Hall's anxiety and depression required more severe restrictions at the workplace than reflected in the ALJ's RFC.

The ALJ did include restrictions in the RFC for Mr. Hall's emotional condition. He concluded that Mr. Hall could "understand, remember, and carry out" only "simple" instructions.

2

The ALJ further concluded that Mr. Hall could "only work in a low stress job with" only "occasional decision making required and only occasional changes in the work setting." The ALJ also concluded that Mr. Hall could have only occasional interaction with the public. (AR at 15.) These restrictions are supported by substantial evidence in the record and cited in the ALJ's decision.

The ALJ noted that Mr. Hall did not "need any special reminders to take care of personal needs and grooming or reminders to take medicine" and that he could "dress, bathe, care for his hair, shave, feed himself and use the bathroom all unassisted." (AR at 19.) The ALJ also noted that the "claimant is able to drive or ride in a car to get where needs to go" and that he "watches the news, sports, and reads for recreation." (AR at 19.) Further, Mr. Hall "was able to use public transportation, the phone and postal service without difficulty" and performed household budgeting with his wife's assistance. (AR at 19.)

As to the Mr. Hall's social functioning, the ALJ concluded that he had "moderate difficulties." While the ALJ noted that Mr. Hall stated that he had problems getting along with others, the ALJ also considered that Mr. Hall "gets along with authority figures" and had "never been fired or laid [off] from a job because of problems getting along with other people." (AR at 14.)

As to concentration, persistence, and pace, the ALJ concluded that Mr. Hall had moderate limitations. The ALJ noted that Mr. Hall stated he could maintain concentration sufficient to drive and watch television but that his attention and concentration did appear to be affected by anxiety. (AR at 14.) The ALJ further noted that Mr. Hall had experienced no episodes of decompensation of extended duration. (AR at 14.)

The ALJ further considered Mr. Hall's history of anxiety and depression and noted that Dr. Wayne Edwards had recommended that Mr. Hall see a mental health counselor on a regular basis and also see a psychiatrist for medical reevaluation. (AR at 19.) The ALJ also noted that Dr. Leigh Ford examined Mr. Hall and similarly concluded that his prognosis depended largely on his willingness to maintain consistent treatment for medication and counseling. (AR at 19.) The ALJ concluded that the fact that Mr. Hall had not followed the doctors' advice undermined his credibility as to the impact of his anxiety and depression. (AR at 19.)

The ALJ also noted Dr. Edwards' opinion that Mr. Hall appeared able to work a normal full-time work schedule and found that consistent with the overall medical record. (AR at 20.) The ALJ correctly discounted Dr. Ford's opinion that Mr. Hall's emotional impairments impeded his ability to sustain a full-time job, noting that it was not consistent with the overall medical record.

The ALJ did discuss Mr. Hall's suicidal thoughts and did consider his anxiety and depression but concluded they were not severe. (AR at 11.) The ALJ also noted that Mr. Hall had never been to a psychiatrist and that medication had helped his anxiety. (AR at 16.) He further noted Mr. Hall stated that he feels depressed "because he does not get out of the house." (AR at 17.) Instead, Mr. Hall stated that he "just sits in the house all day thinking about things." (AR at 17.)

In her motion, Mr. Hall largely cites Mr. Hall's subjective complaints or physician's notes memorializing those complaints. But disability cannot be established by such evidence alone. 20 C.F.R. § 404.1529(a). Because substantial evidence supports the ALJ's determination, it must be upheld even if this Court would have decided the matter differently. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996).

Ms. Hall argues that the ALJ erred in failing to include in the RFC any limitations for "concentration, persistence, or pace." The ALJ found that Mr. Hall could understand, remember,

4

and carry out only "simple" instructions. (AR at 15.) The RFC further limited Mr. Hall to working only a "low stress job" with only occasional decision making and changes. (AR at 15.) This adequately captures someone of "moderate" limitations in concentration, persistence, and pace.

Ms. Hall argues that the ALJ failed to give adequate reasons for discounting the opinion of All Family Healthcare, Mr. Hall's treating physician. ALJs must "evaluate every medical opinion [they] receive" about a claimant and give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id*.

All Family Healthcare concluded that Mr. Hall could not work at all and that he could not stand, walk or sit for more than two hours in an eight-hour day. The clinic further determined that Mr. Hall could occasionally and frequently lift only eight pounds. (AR at 398.) The ALJ gave this opinion little weight finding it too restrictive and not supported by the overall record or even by All Family Healthcare's records. (AR at 21.)

The ALJ also found the opinion inconsistent with the RFC calculated by the ALJ who had considered a prior disability application submitted by Mr. Hall. That decision was issued in 2012 and the ALJ in this case largely adopted it as to Mr. Hall's physical limitations finding "no evidence of significant improvements or worsening in the claimant's physical condition." (AR at 20.)

In her motion, Ms. Hall cites no records of All Family Healthcare that would support its determination as to Mr. Hall's physical limitations. Nor does she cite medical evidence that Mr.

Hall's physical condition had worsened since the 2012 ALJ decision. Instead, Ms. Hall cites the opinion of Dr. Ira Potter. That opinion was issued in 2010, before even the prior ALJ's decision. The ALJ correctly gave little weight to Dr. Potter's opinion, noting that it was over three years old and inconsistent with the 2012 ALJ opinion.

Finally, Ms. Hall argues that the ALJ erred in giving great weight to the opinion of the state agency regarding Mr. Hall's physical limitations. The ALJ explained, however, that he gave the opinion great weight because the state agency adopted the 2012 ALJ decision as to Mr. Hall's physical limitations. Again, Ms. Hall cites no medical evidence that Mr. Hall's physical condition worsened after the 2012 ALJ decision.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 12) is **DENIED**;

2. The defendant's motion for summary judgment (DE 13) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated May 18, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY